

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Harlin DeWayne Hale*

**United States Bankruptcy Judge**

**Signed August 02, 2010**

---

BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
15000 SURVEYOR BLVD. SUITE 100
ADDISON, TX 75001
(972) 341-5322

Attorney for WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME
MORTGAGE, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE Northern DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-70513-HDH-13 |
| | § | |
| JEFFERY DAVID RALEY, SR. and | § | |
| PEGGY LOUISE RALEY, | § | |
| Debtor | § | CHAPTER 13 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| SUCCESSOR BY MERGER TO WELLS | § | |
| FARGO HOME MORTGAGE, INC. | § | |
| ITS ASSIGNS AND/OR | § | |
| SUCCESSORS IN INTEREST, | § | |
| Movant | § | HEARING DATE:  07/21/2010 |
| | § | |
| v. | § | TIME:  10:00 AM |
| | § | |
| JEFFERY DAVID RALEY, SR. and | § | |

PEGGY LOUISE RALEY;                    §
WALTER O'CHESKEY, Trustee              §
    Respondents                  §   JUDGE HARLIN D. HALE

### AGREED ORDER CONDITIONING AUTOMATIC STAY AS TO DEBTOR

Came on for consideration the Motion for Relief from Stay, filed by WELLS FARGO

BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC.

ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, (hereinafter "MOVANT"), a secured

creditor in the above entitled and numbered cause.  The Court, having considered said Motion and

the agreement of Counsel, is of the opinion that the following Agreed Order should be entered.  It

is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1.      **Automatic Stay:**  The Automatic Stay provided by 11 U.S.C. § 362 shall remain in effect,

except as provided below.

2.      **Current Monthly Payments:**  Debtor shall continue to remit to the Movant the regular

post-petition monthly payments beginning August 1, 2010, and continue said payments thereafter

pursuant to that certain Note and Deed of Trust dated April 24, 2006.  Said payments shall be

paid to Movant at:

> WELLS FARGO HOME MORTGAGE
> 1 HOME CAMPUS
> BKY PMT PROCESS MAC#X2302-04C
> DES MOINES, IA  50328

3.      **Modify Plan:**  Debtor shall have 30 days from the date of the hearing or before August

20, 2010 to modify Debtor's Chapter 13 Plan to include all post-petition arrearages and attorney's

fees and costs in the total amount of $6,215.02 to be paid by the Chapter 13 Trustee through the

Debtor's Chapter 13 Plan.   Said total amount consists of post-petition payments for the months of

April 1, 2010 through July 1, 2010 and additional fees and costs detailed as follows:

| | | |
|---|---|---|
| Monthly Payment Amount | $1,375.67 X 4 | $5,502.68 |
| Late Charges | $37.34 X 1 | $37.34 |
| Attorney's Fees & Costs | | $675.00 |
| Other Fees & Costs | | $0.00 |
| Amount Due | | $6,215.02 |
|    Payment Received | | $0.00 |
|    Payment to be Received | | $0.00 |
|    Debtor Suspense | | $0.00 |
| Total Balance Due Less Payment Received | | $6,215.02 |

The "Post-Petition Arrearage" specified herein shall constitute an additional arrearage claim filed by Movant ("Additional Claim") in the bankruptcy proceeding and is hereby allowed by the Court.  If the Chapter 13 plan has been previously confirmed by the Court under 11 U.S.C. Section 1325 ("Confirmed Plan"), Debtor shall promptly modify the Plan, and the Chapter 13 Trustee shall make no distributions to Movant on the Additional Claim until Debtor has filed a modification of the Confirmed Plan pursuant to 11 U.S.C. Section 1329 ("Post-Confirmation Modification"), served the Post-Confirmation Modification on all parties in interest entitled to notice, and obtained an Order from the Court approving the Post-Confirmation Modification.  If the Plan has not been previously confirmed by the Court, the Debtor shall promptly modify the Plan prior to confirmation pursuant to 11 U.S.C. Section 1323 to provide for the Additional Claim

4.    **Payments to Trustee**:  Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan.  Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date the Order is signed by the Bankruptcy Judge.

5.    **Proof of Payments**:  Debtor shall have 30 days from July 21, 2010 or until August 20,

2010 to provide proof of disputed payments.  Proof shall consist of a copy of the front and back

of a negotiable instrument that has been paid to Movant by the institution on which it has been

drawn and has not been credited by Movant to Debtor's account.  If said proof is provided by

August 20, 2010, then WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS

FARGO HOME MORTGAGE, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

shall credit Debtor account with said payments.  If said proof is not provided to Movant the

Debtor must tender to Movant the amount of  $6,215.02 as stated above net of payments received

and said net amount becomes due and owing under the terms stated in the Modify Plan Paragraph.

6.      **Discharge:**  Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C.

§362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

7.      **Conversion to Chapter 7**:  The payment terms of this Agreed Order shall not survive

upon conversion to a case under Chapter 7 of the Code.  In the event of conversion, Movant shall

not be bound by the payment schedule of this Agreed Order.  Upon conversion of this case to a

Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due

under the Note and Deed of Trust shall become immediately payable to Movant, and failure to

bring the loan contractually current by the date of entry of the  conversion order shall be an event

of default under the Default Paragraph of this Agreed Order.

8.      **Effect of Non-sufficient Funds**:  Tendering of a check to Movant by Debtor which is

subsequently returned due to non-sufficient funds in the account upon which the check is drawn

or due to any other reason shall not constitute a payment as required by the terms of this order

and is an event of default.

9.      **Default**:  In the event Movant does not receive any payments by the dates set forth in the

Current Monthly Payments Paragraph or if the Debtor fails to timely modify the Chapter 13 Plan

as set forth in the Modify Plan Paragraph or Debtor does not remit the payment set forth in the

Payments to Trustee Paragraph above, or in the event Debtor converts to Chapter 7 as set forth in

the Conversion to Chapter 7 Paragraph, Movant shall send written notice by Regular Mail and by

Certified Return Receipt Requested Mail, postage prepaid, to Debtor, Counsel for Debtor, and

allow Debtor a 10-day period from the date of such written notice to cure such delinquent

payments.  Cure payments must be made by certified funds only and Movant may charge Debtor

$50 for any notice given pursuant to this Order.  In the event Debtor fails to cure such delinquent

payments within such 10-day period or in the event Debtor becomes delinquent after **two (**2**)**

**notices of default**, the Automatic Stay of 11 U.S.C. §362 shall terminate as to the Movant

without further recourse to this Court and Movant shall be allowed to take any and all steps

necessary to exercise any and all rights it may have in the collateral described as follows:

> BEING A 2.77 ACRE TRACT OF LAND, MORE OR LESS, IN BLOCK 79,
> FREESTONE COUNTY SCHOOL LAND SURVEY A-144, CLAY COUNTY,
> TEXAS AND BEING PART OF A TRACT OF LAND DESCRIBED IN DEED TO
> PAMELA SPARKS RECORDED IN VOLUME 496, PAGE 592, DEED RECORDS,
> CLAY COUNTY, TEXAS AND BEING MORE PARTICULARLY DESCRIBED
> AS FOLLOWS:
>
> BEGINNING AT AN IRON ROD SET IN JEFFRIES ROAD AND IN THE SOUTH
> LINE OF SAID BLOCK 79 AND IN THE NORTH LINE OF BLOCK 80 FOR THE
> SOUTHEAST CORNER OF SAID SPARKS TRACT AND FOR THE
> SOUTHWEST CORNER OF A TRACT OF LAND DESCRIBED IN DEED TO
> BRADFORD WALTERS RECORDED IN VOLUME 449, PAGE 713, DEED
> RECORDS, CLAY COUNTY, TEXAS AND FROM WHICH THE SOUTHEAST
> CORNER OF SAID BLOCK 79 BEARS SOUTH 89 DEG. 29' 49' EAST 1373.42
> FEET;
>
> THENCE NORTH 89 DEG. 29' 49' WEST WITH SAID ROAD AND THE SOUTH
> LINE OF SAID BLOCK 79 AND THE NORTH LINE OF SAID BLOCK 80 A
> DISTANCE OF 30.00 FEET TO AN IRON ROD SET IN THE SOUTH LINE OF
> SAID SPARKS TRACT;

THENCE NORTH 00 DEG. 34' 03' EAST 464.60 FEET TO AN IRON ROD SET
FOR CORNER;

THENCE NORTH 89 DEG. 25' 57' WEST 381.86 FEET TO AN IRON ROD SET
FOR CORNER;

THENCE NORTH 00 DEG. 34' 03' EAST 260.00 FEET TO AN IRON ROD SET
FOR CORNER;

THENCE SOUTH 89 DEG. 25' 57' EAST 411.85 FEET TO AN IRON ROD SET IN
THE WEST LINE OF SAID WALTERS TRACT AND IN THE EAST LINE OF
SAID SPARKS TRACT;

THENCE SOUTH 00 DEG. 34' 03' WEST WITH THE GENERAL COURSE OF A
FENCE AT 709.08 PASS A REFERENCE IRON ROD SET IN THE NORTH LINE
OF SAID ROAD AS FENCED AND CONTINUING IN ALL 724.57 FEET TO THE
POINT OF BEGINNING.

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately

enforce and implement this Order granting relief from the automatic stay and that the provision of

Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and

implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor,

and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

### END OF ORDER ###

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY:    /s/ JEFF FLEMING

JEFF FLEMING
TX NO. 24034442
15000 SURVEYOR BLVD. SUITE 100
ADDISON, TX 75001
Telephone: (972) 341-5322
Facsimile: (972) 661-7725
E-mail:  NDECF@BDFGROUP.COM
ATTORNEY FOR MOVANT

MONTE J WHITE
1106 BROOK AVENUE
WICHITA FALLS, TX  76301

ATTORNEY FOR DEBTORS


WALTER O'CHESKEY, TRUSTEE

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY:    /s/ JEFF FLEMING

       JEFF FLEMING
       TX NO. 24034442
       15000 SURVEYOR BLVD. SUITE 100
       ADDISON, TX 75001
       Telephone: (972) 341-5322
       Facsimile: (972) 661-7725
       E-mail:  NDECF@BDFGROUP.COM
       ATTORNEY FOR MOVANT

MONTE J WHITE
1106 BROOK AVENUE
WICHITA FALLS, TX  76301

ATTORNEY FOR DEBTORS

/s/ Marc McBeath
WALTER O'CHESKEY, TRUSTEE